UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16–11981–GAO

MARIA AZZA,
Plaintiff,

v.

GROUP VOYAGERS, INC. D/B/A COSMOS,
and DEDHAM TRAVEL AGENCY, INC.,
Defendants.

OPINION AND ORDER
March 27, 2018

O'TOOLE, D.J.

Plaintiff Maria Azza was injured by a falling piece of luggage while riding on a shuttle bus to the airport at the end of her tour of Italy. The complaint alleges several claims[1] against Dedham Travel Agency ("Dedham Travel"), the travel agency that booked Azza's trip, and Group Voyagers, Inc. d/b/a Cosmos ("Group Voyagers"), the company that organized and operated the tour. In response, both defendants moved to dismiss the claims against them or, alternatively, moved for summary judgment. Because the plaintiff has not had an opportunity to conduct discovery, the summary judgment motion is premature, and I will only consider the defendants' Rule 12(b)(6) motions to dismiss and will ignore any information submitted by the defendants not contained within the complaint.[2]

---

[1] The complaint alleges against each defendant claims for negligence, vicarious liability, negligent infliction of emotional distress, and breach of contract.
[2] Generally, when ruling on a motion to dismiss, a court is not allowed to consider any documents not attached to or expressly incorporated into the complaint, unless that motion is converted into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citation omitted). While there are a few exceptions to this general rule, none of them apply here. See id. at 3–4 (citations omitted).

The complaint alleges that Azza booked a trip to Italy through her travel agent, Dedham Travel, and the trip was organized and operated by Group Voyagers. While she was riding to the airport in a shuttle bus provided by Group Voyagers, the bus driver, "who had been driving at high speeds, suddenly slammed on the brakes," causing a piece of luggage to fall from the overhead storage compartment and strike her on the head. (Compl. ¶ 10 (dkt. no. 1).)

A complaint must allege facts that "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted), and it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). In order to determine whether plausibility exists, the court engages in a two-step process. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (citation omitted). First, the court separates the "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The court also must disregard "statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[].'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (quoting Iqbal, 556 U.S. at 678). Next, the court must decide whether the complaint permits "the reasonable inference that the defendant is liable for the misconduct alleged." García-Catalán, 734 F.3d at 103 (quoting Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011)).

After careful review of the complaint, both defendants' motions to dismiss are granted. As a general rule, courts have held that travel agents and tour operators "cannot be held liable for the negligent acts of third parties that occur on a premises not under the control or ownership of the tour operator." Weinberg v. Grand Circle Travel, LCC, 891 F. Supp. 2d 228, 248 (D. Mass. 2012)

(quoting Deacy v. Studentcity.com, LLC, 916 N.E.2d 422, at *2 (Mass. Appt. Ct. Nov. 2, 2009) (table decision)). The complaint is devoid of any non-conclusory factual allegation that the bus was either controlled or operated by either of the defendants. The complaint does allege that the shuttle bus "was provided by Defendant Group Voyagers," (Compl. ¶ 9), and that the bus driver was "an employee, agent, apparent agent, and/or servant" controlled by the defendants, (id., Count II ¶ 2; Count VI ¶ 9), but these are unsupported conclusory legal statements masquerading as factual allegations. Maybe the driver was an employee. Or maybe he was an agent, or perhaps an apparent agent. No subsidiary facts are alleged that would help answer which he was, if any of them. This lack of specific factual allegations to support the general conclusory allegations pervades the complaint.

Although the general rule is that travel agents and operators are not liable for the negligent actions of third parties, they might be liable for negligence based on a theory of negligent selection. At a minimum, a defendant must use due care when selecting a third-party service supplier, cf. Ross v. Trans Nat'l Travel, Civ. A. No. 88-1763-Z, 1990 WL 79229, at *2 (D. Mass. June 5, 1990) (rejecting assertion that tour operator owes a heightened duty of care in selecting service provider), and failure to do so can result in "a principal [being] held liable for the torts of a hired independent contractor when the consequences of the principal's own negligent failure to select a competent contractor caused the harm upon which the suit is based," Weinberg, 891 F. Supp. 2d at 249 (emphasis omitted) (citations omitted). Here, the complaint alleges that the defendants were negligent because they breached their duty to the plaintiff by failing to select a competent contractor and failing to warn of unsafe conditions of which they should have been aware. But again, there are no underlying facts alleged to support these conclusory statements. For example, the complaint lacks a factual allegation that either defendant was aware of any prior

safety issues with the shuttle bus company that should have alerted them to the possibility of careless operation.

Weinberg does not help the plaintiff get past that problem. There were additional factual allegations in that case that distinguish it from the present one. That court found that a negligence claim based on negligent selection was sufficiently pled because the complaint alleged that the tour operator selected a hot air balloon operator when it knew that operator had previously "had a serious wind related accident, and that the safety precautions taken by the balloon operators were not adequate or reasonable." Id. at 249 (citation omitted). In the present case, the complaint does not contain any reference to either defendant's knowledge of prior safety issues with the company providing bus services that harmed the plaintiff.

Similarly, the complaint fails to sufficiently allege a breach of contract claim. It alleges merely that each defendant's "acts and omissions resulting in injury to Azza, amounted to a breach of the contract entered into by Azza for valuable consideration." (Compl., Count IV ¶ 2; Count VIII ¶ 2.) What were the terms of the contract? The complaint does not say. But it must in order to survive a motion to dismiss. See Higgins v. Town of Concord, 246 F. Supp. 3d 502, 518 (D. Mass. 2017) (citations omitted).

For the foregoing reasons, each defendant's motion to dismiss is GRANTED. The complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

4